IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Matthew Blyth Kerr, ) | C/A No. 0:16-3321-TMC-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| South Carolina Department of Corrections, ) | |
| *Turbeville, SC 29162*; Mr. Roarke, *Officer,* ) | |
| *Correctional*; Mr. Bowers, *Lieutenant*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Matthew Blyth Kerr, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

Plaintiff, an inmate at Turbeville Correctional Institution, claims his personal items were stolen from his locker while he was working in the canteen. (ECF No. 1 at 5-6.) He provides no facts about the defendants in the Complaint. However, in prison grievance forms attached to the Complaint, he claimed Defendants Roarke and Bowers mismanaged their investigation of the theft, stating that Bowers lied about the fact that he would "look into the matter," and that Roarke failed to question inmates that he saw walking with "bags of stuff." (ECF No. 1-1 at 3-4.)

*PJG*

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

**1.     Defendants Roarke and Bowers**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S.



42, 48 (1988). Plaintiff indicates in the Complaint that he brings this § 1983 action against the defendants for violations of the Fifth and Fourteenth Amendments. Accordingly, the court construes this as a claim that he was deprived of property without due process. However, as discussed below, the court finds that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "The safeguards of the Due Process Clause are triggered only when a Fourteenth Amendment-protected liberty interest is at stake." Berrier v. Allen, 951 F.2d 622, 624 (4th Cir. 1991) (citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976)). "To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." Prieto v. Clarke, 780 F.3d 245, 248 (4th Cir. 2015).

Initially, the court notes Plaintiff fails to identify a state actor that deprived him of a liberty or property interest. He alleges that his property was stolen from his locker but not by the named defendants. And Plaintiff fails to identify, and the court is not aware of, any authority that construes an investigation into criminal activity as a liberty or property interest subject to due process protection. See generally Dellis v. Corrs. Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001) ("Plaintiff's allegation that other inmates stole his property fails to state a claim against the prison officials because the prison's negligence in allowing the theft is not a 'taking' for purposes of the Fourteenth Amendment."); Dorsey v. Fisher, No. 9:09-CV-1011 (GLS) (DEP); 2010 WL 2008966, *8 (N.D. N.Y. May 19, 2010) (finding the plaintiff failed to state a claim under § 1983 for prison official's failure to investigate the theft of the plaintiff's property). Moreover, even if Plaintiff could show that the defendants' non-action deprived him of a liberty or property interest, the facts allege



only a "negligent" deprivation of his property, which is also not actionable under § 1983, and Plaintiff provides no facts to show that the defendants' conduct was intentional or anything other than an omission. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Menedez v. Keefe Supply Co., 235 F. App'x 737, 740 (11th Cir. 2007) (finding inmate's claim that defendant prison officials and prison vendors were negligent in the handling of the theft of the plaintiff's identification card was not cognizable under § 1983 because "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process") (citing County of Sacramento v. Lewis, 523 U.S. 833, 848 (1998)).  Accordingly, Plaintiff has failed to state a claim upon which relief can be granted against Defendants Roarke and Bowers.

## 2. Defendant South Carolina Department of Corrections

To the extent the Complaint can be read to state a claim against Defendant South Carolina Department of Corrections, the court finds Plaintiff's Complaint should be summarily dismissed because this defendant is immune from suit.  See 28 U.S.C. § 1915(e)(2)(B)(iii).  The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court.  See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); Hans v. Louisiana, 134 U.S. 1 (1890).  Such immunity extends to arms of the state, including a state's agencies, instrumentalities and employees.  See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 101-02 (1984); see also Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997).  While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither



of those exceptions applies in the instant case.[2]  Therefore, Plaintiff's claims against Defendant South Carolina Department of Corrections are barred by the Eleventh Amendment.

### III.   Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett

October 28, 2016
Columbia, South Carolina                          UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court.  S.C. Code Ann. § 15-78-20(e).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).