IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Matthew Blyth Kerr, | ) | |
| | ) | C/A No. 0:16-3321-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, Turbeville, SC 29162; | ) | |
| Mr. Roarke, Officer, Correctional; | ) | |
| and Bowers, Lieutenant, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Matthew Blyth Kerr ("Kerr"), a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Plaintiff's complaint be dismissed without prejudice and without issuance and service of process. (ECF No. 8). Plaintiff was advised of his right to file objections to the Report (ECF No. 8 at 7), and he filed timely objections (ECF No. 10).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that

do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his Complaint, Plaintiff alleges his personal belongings were stolen from a locker while he was working in the kitchen. (ECF No. 1 at 5-6, Compl. at 5-6). Plaintiff is suing Defendants Officer Roarke and Lt. Bowers for allegedly failing to conduct a proper investigation into the theft and failing to question inmates who were seen with "bags of stuff." (ECF No. 1-1 at 3-4). In her Report, the magistrate judge finds Plaintiff has failed to state a claim and recommends that this action be dismissed without prejudice. Specifically, the magistrate judge finds Plaintiff has stated only a negligent deprivation of property and he has not alleged any intentional conduct against the named Defendants. (Report at 5). Further, she recommends that Defendant State of South Carolina should be dismissed based on Eleventh Amendment immunity. (Report at 5).

In his objections, Plaintiff contends that Defendants allowed the theft to occur and they are liable under the "hand of one, hand of all" accomplice theory. (Objections at 2). "Under the 'hand of one is the hand of all' theory, one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose." *State v. Mattison,* 697 S.E.2d 578, 584 (S.C. 2010) (quoting *State v. Condrey*, 562 S.E.2d 320, 324 (S.C.Ct.App. 2002). First, this is not a criminal action, and thus the "hand of one, hand of all" accomplice liability theory is inapplicable. Moreover, "[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted *personally* in deprivation of the plaintiff's rights.' " *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985) (citation omitted) (emphasis added). *See Johnson v. Cnty. of Greenville*, C/A No.

2

6:13-CV-01652-JMC, 2015 WL 4508812, at *18 (D.S.C. July 24, 2015). Therefore, the court finds Plaintiff's objections are without merit.

The court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, the court adopts the Report (ECF No. 8) and incorporates it herein, and Plaintiff's complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
January 3, 2017

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.